UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDALIZ LUGO,

Plaintiff,

v.

JAMIE RUBIN, as Board Chair of the New York City Housing Authority, LISA BOVA-HIATT as Chief Executive Officer of the New York City Housing Authority, and the NEW YORK CITY HOUSING AUTHORITY,

Defendants.

**COMPLAINT & JURY DEMAND**

Case No.: 26-cv-6079

Plaintiff Brendaliz Lugo, by and through her counsel, Manhattan Legal Services, as and for her Complaint against Defendants Jamie Rubin, Lisa Bova-Hiatt, and the New York City Housing Authority ("NYCHA"), alleges the following:

## INTRODUCTION

1. In July 2022, Plaintiff Brendaliz Lugo was violently assaulted and kidnapped by an acquaintance, causing her to develop post-traumatic stress disorder, depression, and generalized anxiety. These serious psychiatric conditions have left Ms. Lugo unable to participate in many life activities, including leaving her apartment alone, being outside at night, and using public transit. Ms. Lugo attends therapy for these conditions once-to-twice a week and takes daily anti-anxiety medication.

2. Following the assault and Ms. Lugo's cooperation with the District Attorney, in May 2023 the New York City Housing Authority ("NYCHA") issued Ms. Lugo a portable Section 8 voucher. The voucher had an expiration date of November 18, 2023.

3. Section 8 voucher holders are responsible for locating a qualifying apartment where they can use the rent subsidy. After receiving her voucher, Ms. Lugo attempted to find a qualifying apartment in which to place it, but her disabilities—which affected her ability to go outside alone and take public transit—made viewing apartments extremely difficult and kept her from finding a qualifying apartment.

4. Given how difficult it was to engage in an apartment search, Ms. Lugo eventually sought to use the voucher in her current apartment. According to records provided by NYCHA, Ms. Lugo's unit failed the Housing Quality Standards ("HQS") inspection due to Department of Buildings violations. However, the violations in question were for a neighboring unit, not Ms. Lugo's apartment.

5. Running up against the deadline of November 18, 2023 to find a qualifying apartment, on November 15, 2023, Ms. Lugo requested a voucher extension as a reasonable accommodation. She accompanied her request with supporting documentation from her doctor, who listed asthma, prediabetes, hypertension, and a pituitary mass as the basis for the accommodation. Ms. Lugo was not aware that she could assert her psychiatric conditions as the basis for a reasonable accommodation.

6. NYCHA denied the request, finding that the medical documentation did not establish a connection between the disability and the accommodation requested. NYCHA did not contact Ms. Lugo to explain its decision or otherwise engage in any type of dialogue to explore alternate accommodations. As a result, Ms. Lugo's voucher expired on November 18, 2023.

7. Subsequently, Ms. Lugo made three additional requests, through counsel, for the reinstatement of her section 8 voucher. Two of these requests included a therapist letter

providing a detailed explanation of how Ms. Lugo's psychiatric conditions prevented her from being able to adequately handle her housing affairs and that losing stable housing would be, in the therapists' own words, "profoundly injurious" and would "result in significant setbacks in her emotional progress."

8. NYCHA denied all of Ms. Lugo's voucher reinstatement requests, saying that they were presented too late, without more.

9. Federal, state, and city anti-discrimination laws afford Ms. Lugo the right to a reasonable accommodation in the form of the reinstatement of her expired section 8 voucher. Even if NYCHA regulations required the denial of a late request for a voucher extension or reinstatement—which they do not—applicable law requires a change in rules and policies to accommodate a person with a disability so long as such accommodation does not unduly burden Defendants.

10. Defendants already issued Ms. Lugo a Section 8 voucher, #12979685. It is not an "undue burden" to reinstate it. That they chose not to do so because her request came in "too late" completely disregards the severe trauma Ms. Lugo has experienced and attendant serious psychiatric conditions.

11. Defendants' refusal to grant Ms. Lugo a reasonable accommodation has injured her, entitling her to declaratory, injunctive, and monetary relief.

## **PARTIES**

12. Plaintiff Brendaliz Lugo is a NYCHA Section 8 Housing Choice Voucher recipient, residing at 57 Vermilyea Ave., Apartment 4C, New York, New York 10034.

13. Defendant-NYCHA is a body corporate and politic established by the New York State Legislature as set forth in § 401 of the New York Public Housing Law. Defendant-

NYCHA is a covered housing provider under the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), the Rehabilitation Act, and New York State and City human rights laws. *See* 42 U.S.C. §§ 3602(b); 3603 (FHA); 42 U.S.C. § 12131(1)(b), 28 C.F.R. §§ 35.130 (ADA); 29 U.S.C. § 794(b)(1) (Rehabilitation Act); N.Y. Exec. Law §§ 292(10)-(12) (NYSHRL); NYC Administrative Code §§ 8-102, 8-107(5) (NYCHRL).

14. Defendant Jamie Rubin is a chairperson of NYCHA and is responsible for its operations. This Complaint is brought against him in his official capacity.

15. Defendant Lisa Bova-Hiatt is the Chief Executive Officer of NYCHA and is responsible for its operations. This Complaint is brought against her in her official capacity.

16. Upon information and belief, Defendants Rubin, Bova-Hiatt and NYCHA maintain their principal place of business at 90 Church Street, New York, NY 10007.

## VENUE AND JURISDICTION

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for actions arising under laws providing for the protection of civil rights; 29 U.S.C. § 794(a) as an action pursuant to Section 504 of the Rehabilitation Act of 1973; 42 U.S.C. § 12133 as an action pursuant to the Americans with Disabilities Act of 1990; and 42 U.S.C. § 3613 as an action pursuant to the Fair Housing Act. This Court has supplemental jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367 because these claims are related and arise out of a common nucleus of operative facts as the federal law claims.

18. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendants are domiciled in New York, New York.

## RELEVANT FACTS

### I. Ms. Lugo's Background and Domestic Violence

19. Plaintiff Brendaliz Lugo is a 43-year-old tenant with disabilities living with her adult son who is 20 years old. They reside at 57 Vermilyea Avenue, Apartment 4C, New York, New York 10034, where they have lived for 17 years. The apartment is rent stabilized, and Ms. Lugo's rent is $1,153.44.

20. On July 17, 2022, Ms. Lugo was kidnapped and violently assaulted by an acquaintance, Julio Suero. Mr. Suero frequently spent time on a street corner a few blocks from Ms. Lugo's apartment. He was interested in dating Ms. Lugo, but Ms. Lugo rejected him.

21. On July 17, 2022, Mr. Suero approached Ms. Lugo and her friend on the street near her apartment. There, Mr. Suero physically assaulted Ms. Lugo and her friend. Ms. Lugo attempted to run away, but Mr. Suero pulled her by her hair and took her cell phone. He lured her into his car to retrieve her cell phone and then he proceeded to lock her inside. Mr. Suero's car had a locking mechanism that made it impossible for Ms. Lugo to escape.

22. Mr. Suero then proceeded to drive Ms. Lugo to the Bronx, where he repeatedly physically assaulted her. At one point, he obtained a gun and a machete from a friend. He hit Ms. Lugo in the face with the gun and threatened to kill her. Ms. Lugo believed that Mr. Suero would kill her. She was terrified and feared for her life.

23. Mr. Suero assaulted Ms. Lugo throughout the night, for seven hours. Eventually, after Mr. Suero had driven back to Ms. Lugo's neighborhood, she was able to escape through the sunroof and run home.

24. When Ms. Lugo arrived home, she had a panic attack and broke down. She went to the hospital where she was treated for high blood pressure and anxiety. Additionally, her

close friend called the police, who arrested Mr. Suero shortly thereafter.

25. Within days, Ms. Lugo got a call from the District Attorney's office soliciting her testimony. Ms. Lugo cooperated with the District Attorney and went several times to their office to provide testimony. They eventually informed her that Mr. Suero had been convicted, and that he would serve 11-12 months in prison.

26. Ms. Lugo additionally received an Order of Protection against Mr. Suero, which is in effect through February 27, 2028.

## II. Ms. Lugo's Disability

27. As a result of the violent assault and kidnapping described above, Ms. Lugo began to experience frequent and severe panic attacks, where she would cry uncontrollably, struggle to breathe, experience whole-body shivers, pant, and have chest pain.

28. Ms. Lugo was thereafter diagnosed with post-traumatic stress disorder ("PTSD"), moderate-severe depression, and moderate-severe generalized anxiety. Ms. Lugo sees a therapist once-to-twice a week for treatment of these conditions. She was additionally prescribed anti-anxiety medication Gabapentin, which she takes nightly.

29. Ms. Lugo's disability causes her to be distraught, extremely fearful, highly sensitive to noise, and prone to rumination, and further causes her to experience lack of concentration, poor appetite, insomnia, and nonstop crying.

30. Additionally, Ms. Lugo's condition makes it nearly impossible for her to leave the immediate vicinity of her apartment alone, ride public transit, be outside at night, and find steady work.

## III. Ms. Lugo's Receipt of NYCHA Section 8 Voucher and Attempts to Place Voucher

31. As a result of Ms. Lugo's violent assault and kidnapping, the Witness Aid

Services Unit of the New York County District Attorneys' Office referred Ms. Lugo for a Section 8 Housing Choice Voucher.

32. On May 22, 2023, NYCHA Leased Housing issued a portable Section 8 voucher on Ms. Lugo's behalf with an expiration date of September 19, 2023, and an extended expiration date of November 18, 2023. As Ms. Lugo was issued a portable voucher, it was her responsibility to find a qualifying apartment. Ms. Lugo was connected with a NYCHA Housing Assistant who assisted her by locating qualifying apartments for her to visit.

33. However, Ms. Lugo's disability made it very difficult for her to visit prospective apartments. Specifically, Ms. Lugo's disability made it nearly impossible for her to leave the home and take public transit alone, and hence she was only able to visit an apartment if she was able to find a friend who could accompany her. Even when she was accompanied by a friend, Ms. Lugo would frequently have panic attacks as soon as she left the immediate vicinity of her apartment.

34. With the assistance of a friend, Ms. Lugo was able to visit two apartments, but they were in the eastern part of the Bronx, very far from Ms. Lugo's family and friends and the environment within which she felt safe. Additionally, Mr. Suero lived in the Bronx, causing Ms. Lugo to fear that he would show up and hurt her or kill her if she were to move into either of those apartments.

35. Because of her disability, which kept Ms. Lugo from being able to visit most qualifying apartments identified by the Housing Assistant, Ms. Lugo was unable to find a qualifying apartment in time.

36. On the recommendation of the Housing Assistant, Ms. Lugo eventually attempted to place the voucher in her own unit. According to subpoenaed records provided by

NYCHA Leased Housing to Manhattan Legal Services, Ms. Lugo's unit failed the Housing Quality Standards ("HQS") inspection due to Department of Buildings "DOB" violations. However, NYCHA records only show DOB violations in Apartment 4D, not Apartment 4C, where Ms. Lugo resides. Hence, upon information and belief, Ms. Lugo's unit should not have failed the HQS inspection, and she should have been permitted to place the voucher in her unit.

**IV. Ms. Lugo's Initial Reasonable Accommodation Request**

37. On November 7, 2023, prior to the expiration of the voucher, Ms. Lugo emailed Patricia Brisbon at NYCHA to request an extension as she had not yet found an apartment. Ms. Brisbon called Ms. Lugo and explained that she could get an extension if she had a medical condition, which needed to be documented by her doctor. She told Ms. Lugo that she would email her documents for her to print out and bring to her doctor, which she did on November 14, 2023.

38. On November 15, 2023, before the expiration of her voucher on November 18, 2023, Ms. Lugo submitted a reasonable accommodations request, asking that NYCHA extend the time that she had to place her voucher due to a disability.

39. Ms. Lugo was unaware that her psychiatric disabilities could form the basis of a reasonable accommodations request. As Ms. Brisbon had told Ms. Lugo that she needed to submit documentation from her doctor, Ms. Lugo believed that only physical conditions would qualify her for a reasonable accommodation extension. As a result, Ms. Lugo only submitted supporting documentation for her physical disabilities from her doctor, who listed "asthma, prediabetes, hypertension [(HTN)], [and] Hx of Pituitary Mass" as the basis for the accommodation request.

40. On December 1, 2023, NYCHA denied the request, finding that: "[t]he medical

documentation submitted does not establish a connection between the disability and the accommodation requested." The denial noted that Ms. Lugo could call the Customer Contact Center with questions but did not provide Ms. Lugo with a means of appealing the decision to deny her request.

41. No one from NYCHA contacted Ms. Lugo to explain the denial or otherwise engage in any type of dialogue to explore alternate accommodations.

42. Ms. Lugo's Section 8 voucher expired on November 18, 2023. As NYCHA denied her reasonable accommodation to extend the voucher, Ms. Lugo was unable to place her voucher before its expiration.

**V. Nonpayment of Rent Case Against Ms. Lugo**

43. Despite Ms. Lugo's inability to place the voucher prior to its expiration because of her psychiatric conditions and NYCHA's accommodation denial, Ms. Lugo was able to pay ongoing rent with the help of a Family Homelessness and Eviction Prevention Supplement ("FHEPS"), a subsidy for low-income parents who live with minor children.

44. This assistance, however, ended in May 2025, when Ms. Lugo's son aged out of the program, causing Ms. Lugo to fall into arrears and land in housing court.

45. On June 11, 2025, Ms. Lugo's landlord commenced a nonpayment proceeding against her in Housing Court, *53-57 Vermilyea Realty LLC v. Brendaliz Lugo*, LT-310082-25/NY. Ms. Lugo's landlord sought $4,738.74 in rental arrears as part of the proceeding. Manhattan Legal Services ("MLS") was eventually retained to represent Ms. Lugo in the proceeding.

46. With the assistance of a rent arrears grant from the New York City Human Resources Administration, Ms. Lugo was able to pay off the arrears that were the subject of the

nonpayment proceeding. Hence, the proceeding was discontinued on June 3, 2026 as the Petition was satisfied.

**VI. Ms. Lugo's Further Attempts to Obtain a Reasonable Accommodation**

47. On October 30, 2025, MLS emailed Leased Housing Unit to request an extension of the expiration of Ms. Lugo's Section 8 voucher so that she could place it. NYCHA denied the request the same day, stating: "It is not possible to extend the voucher and reopen the case. Your client's voucher expired without rental almost two years ago." Other than pointing to the delayed request, Ms. Renwick offered no explanation for why it was not possible to reinstate the expired voucher.

48. On March 31, 2026, MLS again emailed Melissa Renwick to request that, "as a reasonable accommodation, NYCHA re-open or re-issue Ms. Lugo's voucher and allow her to place it." The request was accompanied by Ms. Lugo's therapist's letter explaining in great detail Ms. Lugo's history with violent assaults, attendant psychiatric conditions, and how those conditions prevented her from being able to adequately handle her housing affairs. Ms. Lugo's therapist wrote, among other things:

a) that Ms. Lugo was a "victim of assault that has left her unable to participate in many daily activities (i.e. go outside, find steady work, and trouble traveling in public, to name a few);"

b) that Ms. Lugo's condition "has even affected her ability to look for adequate housing for fear of being assaulted;"

c) that Ms. Lugo's symptoms "include, but are not limited to, being distraught and tearful, worries a great deal about her living conditions, is highly sensitive to noise, lacks concentration and does not eat well;"

d) and that "[l]osing her current apartment would be profoundly injurious... and the "prospect of inconsistent housing is often very triggering and can result in significant setbacks in her emotional progress."

49. The therapist letter is attached as **Exhibit A** to this Complaint. NYCHA did not respond to our March 31, 2026 email nor engage in any type of cooperative dialogue.

50. On May 13, 2026, MLS emailed a demand letter seeking reinstatement of Ms. Lugo's Section 8 voucher as a reasonable accommodation to Seth Kramer, Deputy General Counsel of NYCHA. The Demand Letter and accompanying documents are attached as **Exhibit B** to this Complaint.

51. On May 29, 2026, NYCHA denied Ms. Lugo's reasonable accommodations request, with Mr. Kramer stating, in relevant part: "[a]lthough NYCHA issues Section 8 voucher extensions, including as a reasonable accommodation, where the request is timely made, we do not believe an individual whose voucher expired years ago is eligible for an extension. The request is instead better characterized as a request for a new Section 8 voucher, which the reasonable accommodation laws do not require NYCHA to provide ahead of other families on the waiting list."

52. In his response, counsel did not articulate a basis for his position that a late request for a voucher extension is disallowed, choosing instead to characterize the reasonable accommodation request as a request for the issuance of a new Section 8 voucher together with a request to skip over other families already on NYCHA's voucher waitlists.

53. Ms. Lugo requested the reinstatement of the voucher she previously had, after her timely request for an extension as a reasonable accommodation had been denied; she did not seek the issuance of a new voucher. The characterization that she requested a new voucher is

incorrect and, if anything, evinces Defendants' continued discriminatory failure to reasonably accommodate the Plaintiff.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Americans with Disabilities Act**
**(Against All Defendants)**

54. Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

55. A cause of action for violation of the Americans with Disabilities Act ("ADA") is created by 42 U.S.C. § 12188(a).

56. Defendant-NYCHA is a "public entity" as defined by 42 U.S.C. § 12131(1)(b).

57. Ms. Lugo is disabled as per 42 U.S.C. § 12102(1) and (2)(A).

58. Ms. Lugo is a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2).

59. Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability and that she was seeking an extension of her voucher as a reasonable accommodation of her disabilities since November 2023. Ms. Lugo's accommodation request has been updated to reinstatement of her voucher because NYCHA allowed it to expire rather than grant her initial accommodation request.

60. Defendant-NYCHA has refused to provide the requested accommodation.

61. The requested accommodation—*i.e.*, reinstating Ms. Lugo's Section 8 voucher, #12979685, and granting her time to find a qualifying home—is necessary to afford Ms. Lugo an equal opportunity to use and enjoy her home with a portable Section 8 voucher.

62. Ms. Lugo's requested accommodation is reasonable and does not unduly burden Defendants. Defendant-NYCHA issues and administers Section 8 vouchers, and issues

extensions in connection with reasonable accommodations requests. Ms. Lugo is requesting that NYCHA re-open or reinstate the Section 8 voucher she previously had, which lapsed due to her disabilities and NYCHA's denial of her accommodation request.

63. To the extent that NYCHA considers the accommodation requested in this action a change in their policies, such a policy change is required by the ADA unless it amounts to an undue burden, which is it not in this case.

64. Defendants Rubin and Bova-Hiatt in their official capacity as chair and chief executive officer of NYCHA, respectively, are responsible for ensuring the entity's compliance with all federal, state, and city laws and regulations, including the ADA.

65. As a result of Defendants' violation of the ADA, Plaintiff has suffered injuries, including, without limitation, ongoing stress and severe anxiety at the prospect of losing stable housing.

**SECOND CAUSE OF ACTION**
**Violation of the Rehabilitation Act**
**(Against All Defendants)**

66. Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

67. A cause of action for violation of the Rehabilitation Act is created by 42 U.S.C. § 1983.

68. Defendant-NYCHA's housing program is a "program or activity" within the meaning of the Rehabilitation Act. 29 U.S.C. § 794(b).

69. Plaintiff is a qualified "individual with a disability" within the meaning of the Rehabilitation Act. 29 U.S.C. §§ 705(20) and 794(a).

70. Defendant-NYCHA has been on notice that Ms. Lugo is a person with a

disability since November 2023.

71. In particular, Defendant-NYCHA has been on notice that Ms. Lugo was seeking an extension of her voucher as a reasonable accommodation of her disabilities since November 2023. Ms. Lugo's accommodation request has been updated to reinstatement of her voucher because NYCHA allowed it to expire rather than grant her initial accommodation request.

72. Defendant-NYCHA has had notice of the specific accommodation sought by Ms. Lugo in connection with this action since March 31, 2026.

73. Defendant-NYCHA has refused to provide the requested accommodation. Consequently, Plaintiff is "aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance" under section 504 of the Rehabilitation Act, within the meaning of 29 U.S.C. § 794a(a)(2).

74. The requested accommodation—*i.e.*, reinstating Ms. Lugo's Section 8 voucher, #12979685, and granting her time to find a qualifying home—is necessary to afford Ms. Lugo an equal opportunity to use and enjoy her home with a portable Section 8 voucher.

75. Ms. Lugo's requested accommodation is reasonable and does not unduly burden Defendants. Defendant-NYCHA issues and administers Section 8 vouchers, and issues extensions in connection with reasonable accommodations requests. Ms. Lugo is requesting that NYCHA re-open or reinstate the Section 8 voucher she previously had, which lapsed due to her disabilities and NYCHA's denial of her accommodation request.

76. To the extent that NYCHA considers any of the accommodations requested in this action a change in their policies, such a policy change is required by the Rehabilitation Act unless it amounts to an undue burden, which is it not in this case.

77. Defendants Rubin and Bova-Hiatt in their official capacity as chair and chief

executive officer of NYCHA, respectively, are responsible for ensuring the entity's compliance with all federal, state, and city laws and regulations, including the Rehabilitation Act, 29 U.S.C. § 794.

78. As a result of the Defendants' violation of the Rehabilitation Act by failing to accommodate Plaintiff's disabilities, Plaintiff has suffered injuries, including, without limitation, ongoing stress and severe anxiety at the prospect of losing stable housing.

**THIRD CAUSE OF ACTION**
**Violation of the Fair Housing Act**
**(Against All Defendants)**

79. Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

80. A cause of action for violation of the Title VIII of the Civil Rights Act, also known as the Fair Housing Act ("FHA") is created by 42 U.S.C. § 3613.

81. Defendant-NYCHA must comply with the FHA in their administration of Plaintiff's Section 8 voucher.

82. Plaintiff is disabled and/or handicapped within the meaning of 42 U.S.C. §3602(h).

83. Plaintiff is an "aggrieved person" as defined by 42 U.S.C. §3602(i).

84. Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability/handicap since November 2023.

85. In particular, Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability and that she was seeking an extension of her voucher as a reasonable accommodation of her disabilities since November 2023. Ms. Lugo's accommodation request has been updated to reinstatement of her voucher because NYCHA allowed it to expire rather

than grant her initial accommodation request.

86. Defendant-NYCHA has been on notice of the specific accommodation sought by Ms. Lugo in connection with this action since March 31, 2026.

87. Defendant-NYCHA has refused to provide the requested accommodation.

88. The requested accommodation—*i.e.*, reinstating Ms. Lugo's Section 8 voucher, #12979685, and granting her time to find a qualifying home—is necessary to afford Ms. Lugo an equal opportunity to use and enjoy her portable Section 8 voucher.

89. Ms. Lugo's requested accommodation is reasonable and does not unduly burden Defendants. Defendant-NYCHA issues and administers Section 8 vouchers, and Ms. Lugo's is requesting that NYCHA reinstate the voucher she previously had which lapsed due to her disabilities and NYCHA's denial of her accommodation request.

90. To the extent that NYCHA considers any of the accommodations requested in this action a change in their policies, such a policy change is required by the FHA unless it amounts to an undue burden or a fundamental alteration of the program, neither of which is present in this case.

91. Defendants Rubin and Bova-Hiatt in their official capacity as chair and chief executive officer of NYCHA, respectively, are responsible for ensuring the entity's compliance with all federal, state, and city laws and regulations, including the FHA.

92. As a result of Defendants' violation of the FHA, Plaintiff has suffered injuries, including, without limitation, ongoing stress and severe anxiety at the prospect of losing stable housing.

## FOURTH CAUSE OF ACTION
**Violation of New York State Human Rights Laws**
**(Against All Defendants)**

93. Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

94. Plaintiff is a disabled person within the meaning of the New York State Human Rights Law. N.Y. Exec. Law §292(21).

95. Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability since November 2023.

96. In particular, Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability and that she was seeking an extension of her voucher as a reasonable accommodation of her disabilities since November 2023. Ms. Lugo's accommodation request has been updated to reinstatement of her voucher because NYCHA allowed it to expire rather than grant her initial accommodation request.

97. Defendant-NYCHA has had notice of the specific accommodation sought by Ms. Lugo in connection with this action since March 31, 2026.

98. The requested accommodation—*i.e.*, reinstating Ms. Lugo's Section 8 voucher, #12979685, and granting her time to find a qualifying home—is necessary to afford Ms. Lugo an equal opportunity to use and enjoy her portable Section 8 voucher.

99. Defendants' failure to provide the requested accommodation constitutes discrimination against Plaintiff on the basis of disability in the provision of services or facilities in connection with Plaintiff's dwelling in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

100. As a result of Defendants' violation of the New York State Human Rights Law, Plaintiff has suffered injuries, including, without limitation, ongoing stress and severe anxiety at the prospect of losing stable housing.

101. Plaintiff consequently has a cause of action as a person aggrieved by an unlawful discriminatory practice under N.Y. Exec. Law § 297(9).

**FIFTH CAUSE OF ACTION**
**Violation of New York City Human Rights Laws**
**(Against All Defendants)**

102. Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

103. Plaintiff is a person with a disability within the meaning of the New York City Human Rights Law. N.Y.C. Admin Code § 8-102.

104. Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability since November 2023.

105. In particular, Defendant-NYCHA has been on notice that Ms. Lugo is a person with a disability and that she was seeking an extension of her voucher as a reasonable accommodation of her disabilities since November 2023. Ms. Lugo's accommodation request has been updated to reinstatement of her voucher because NYCHA allowed it to expire rather than grant her initial accommodation request.

106. Defendant-NYCHA has had notice of the specific accommodation sought by Ms. Lugo in connection with this action since March 31, 2026.

107. The requested accommodation—i.e., reinstating Ms. Lugo's Section 8 voucher, #12979685, and granting her time to find a qualifying home—is necessary to afford Ms. Lugo an equal opportunity to use and enjoy her portable Section 8 voucher.

108. Defendants' failure to provide Ms. Lugo's requested accommodation constitutes an unlawful discriminatory practice against Plaintiff on the basis of disability in the provision of services or facilities in connection with Plaintiff's dwelling in violation of the New York City

Human Rights Law, N.Y.C. Admin. Code § 8-107(5), (15).

109. As a result of Defendants' violation of the New York City Human Rights Law, Plaintiff has suffered injuries, including, without limitation, ongoing stress and severe anxiety at the prospect of losing stable housing.

110. Plaintiff consequently has a cause of action as a person aggrieved by an unlawful discriminatory practice under N.Y.C. Admin. Code §§ 8-109(a); 502(a).

## JURY DEMAND

111. Plaintiff Brendaliz Lugo hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be made and entered in her favor and against Defendants, and that this Court enter a judgment:

1) Declaring that Defendants violated:

   a. Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132 *et seq.*, and its implementing regulations;

   b. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and its implementing regulations;

   c. Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3603 *et seq.*, and its implementing regulations;

   d. New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and its implementing regulations; and

   e. New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, and its implementing regulations.

2) Enter final injunctive relief requiring Defendants to immediately provide Plaintiff a reasonable accommodation and re-instate Plaintiff's Section 8 Housing Choice Voucher #12979685 to allow Plaintiff to place the voucher in a qualifying apartment;

3) Enter final injunctive relief requiring Defendants to amend their reasonable accommodation transfer policies and practices to specifically allow tenants to request voucher extensions on the basis of reasonable accommodation after expiration of the voucher;

4) Issue a final judgment awarding Plaintiff actual, compensatory, and punitive damages for injuries and expenses incurred as a result of the violations set forth above in an amount to be determined at trial;

5) Award Plaintiff's reasonable attorney's fees, costs and disbursements pursuant to 29 U.S.C. § 794(a); 42 U.S.C. §§ 1988 and 12133; and 28 CFR § 37.175; and,

6) Grant such other and further relief as this Court may deem just and proper.

Dated: July 17, 2026
New York, New York

Respectfully,

By: *s/ Luis A. Henriquez Carrero*

**MANHATTAN LEGAL SERVICES**
Luis A. Henriquez Carrero
Cecília S. MacArthur
Rebecca V. Whedon
*Attorneys for Plaintiff*
2090 Adam Clayton Powell Jr. Blvd.
5th Floor
New York, NY 10027
(646) 442-3100
lahenriquez@lsnyc.org
cmacarthur@lsnyc.org
rwhedon@lsnyc.org